UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHARLES GRACE**<br>   **LA. DOC #349508** | **CIVIL ACTION NO. 6:14-cv-0080** |
| **VS.** | **SECTION P** |
| | **JUDGE HAIK** |
| **WARDEN LOUISIANA STATE<br>PENITENTIARY** | **MAGISTRATE JUDGE HILL** |

## PARTIAL REPORT AND RECOMMENDATION

*Pro se* petitioner Charles E. Grace filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 on January 13, 2014.  Petitioner is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  Petitioner attacks his March 5, 2010 conviction for two counts of armed robbery, two counts of conspiracy to commit armed robbery, aggravated burglary and conspiracy to commit aggravated burglary, for which he was originally sentenced on July 15, 2010 to a total of forty years imprisonment[1] by the Thirteenth Judicial District Court for Evangeline Parish, Louisiana.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

---

[1] Petitioner was sentenced to 40 years on the two armed robbery counts, 20 years for the two conspiracy to commit armed robbery counts, 15 years for aggravated burglary and 15 years for conspiracy to commit aggravated burglary, the sentences to run concurrently.

## Statement of the Case

On March 5, 2010, petitioner was found guilty of two counts of armed robbery, one count of aggravated burglary, two counts of conspiracy to commit armed robbery and one count of conspiracy to commit aggravated burglary. On July 15, 2010, he was sentenced to serve 40 years imprisonment.

On April 6, 2011, the Louisiana Third Circuit Court of Appeal affirmed petitioner's convictions and sentences for aggravated burglary and conspiracy to commit aggravated burglary, and vacated petitioner's sentences for two counts of armed robbery and two counts of conspiracy to commit armed robbery, finding these sentences were indeterminate because the court imposed one sentence for multiple counts. Accordingly, the court remanded the case for re-sentencing. *State v. Grace*, 61 So.3d 812 (La. App. 3rd Cir. 2011).

On direct appeal petitioner asserted the following assignments of error: (1) that petitioner's convictions for conspiracy to commit armed robbery and conspiracy to commit aggravated burglary when petitioner was convicted of armed robbery and aggravated burglary violate double jeopardy; (2) that there was insufficient evidence to support his convictions; (3) that the trial court erred in admitting the out-of-court hearsay statements of deceased co-conspirator Tony Thomas because (a) the statements were not made in furtherance of the conspiracy as required to fall within the hearsay exception set forth in La. C. Ev. art. 801(D)(3)(b), and (b) the admission of the statements was in

violation of petitioner's Sixth Amendment right to confront his accusers; and (4) that he was convicted by an unconstitutional non-unanimous jury. The Third Circuit did not consider petitioner's Sixth Amendment claim under La. C. Crim. P. art. 841, which sets forth the contemporaneous objection rule, because although counsel objected to the admission of the statements on evidentiary grounds, no constitutional objection was raised at trial. *Id*. at 822-823.

The Louisiana Supreme Court denied petitioner's request for discretionary review on October 21, 2011 without comment. *State v. Grace*, 73 So.3d 382 (La. 2011).

Petitioner filed an Application for State Post-Conviction relief on March 19, 2012 and a Supplemental Application on July 24, 2012. Petitioner raised the following claims for relief: (1) that petitioner's Sixth Amendment right to Compulsory Process was denied when the trial court denied petitioner's request to allow six alibi witnesses to testify because of a discovery violation (late disclosure); and (2) ineffective assistance of counsel because counsel (a) failed to investigate or interview alibi witnesses, (b) failed to obtain cell phone records, (c) failed to timely provide the State with the names of alibi witnesses in response to discovery, and (d) failed to move for a continuance of the trial after the trial court prohibited alibi testimony from being presented. [rec. doc. 11-3, pgs. 26-45].

In a Supplemental Application, petitioner alleged that the State knowingly presented the alleged perjured testimony of Detective Chatuese Richard and that he

received ineffective assistance of counsel because counsel: (a) failed to file a Motion to Quash the conspiracy to commit armed robbery charges based on double jeopardy grounds and (b) Failed to object to the trial court's ruling prohibiting the defense from presenting the testimony of alibi witnesses. [rec. doc. 11-3, pg. 46-48 through 11-4, pgs. 1-30].

An evidentiary hearing was held on February 7, 2013, at the conclusion of which the Application was denied.[2] [rec. doc. 11-5, pgs. 45-46].

That same date, February 7, 2013, petitioner was re-sentenced as a third felony offender to 99 years imprisonment.

On February 26, 2013, petitioner sought an extension of time to file his request for writs in the Louisiana Third Circuit Court of Appeal because he did not yet have a copy of the transcript of the evidentiary hearing. [rec. docs. 1-2, pg. 37; 11-7, pg. 27]. On March 7, 2013, the Third Circuit returned petitioner's letter requesting an extension, instructing petitioner to prepare and file his writ, and thereafter supplement the writ after receipt of the documents. [rec. doc. 1-2, pg. 38; 11-7, pg. 29].

Petitioner signed his Third Circuit writ application on March 5, 2013 and it was filed on March 12, 2013. [rec. doc. 11-6, pgs. 3-46 through 11-7, pg. 1- 11]. On April 1,

---

[2]The transcript of the hearing reveals that petitioner's claim that the trial court abused its discretion in denying counsel's request to allow alleged alibi witnesses to testify because of discovery violations (late disclosure) was denied on procedural grounds because the claim was not properly raised in post-conviction proceedings; rather, the claim should have been raised by writ (after requesting a continuance of the trial) or on direct appeal.

4

2013 a copy of the transcript of the evidentiary hearing was mailed to petitioner, who received same on April 3, 2013. [rec. doc. 11-7, pgs. 20 and 33]. The writ was denied by the Third Circuit as deficient on April 5, 2013, before petitioner was able to file his supplement. The Third Circuit found the application was deficient because it did not comply with La.. Code Crim. P. art. 912.1(C), Rule 4-5 of the Uniform Rules of the Courts of Appeal and Third Circuit Internal Rule 16 because the writ application did not contain a certificate of service on the trial court and prosecutor, an affidavit of correctness, an index of items contained in the writ application, a copy of the trial court's ruling, any written reasons for the ruling, or a copy of the memorandum in support of the Uniform Application for Post Convictions Relief setting forth the assignments of error and support arguments made to the district court. [rec. doc. 11-6, pg. 2, *State v. Grace*, KH 13-0241 (La. App. 3rd Cir. 2013)].

Petitioner did not request his writ application to be reinstated nor did he take any other action to correct the deficiencies found by the Third Circuit. Rather, after discussing his case with inmate counsel, petitioner sought writs in the Louisiana Supreme Court. [*See* rec. docs. 11-7, pg. 20-21; 11-8, pgs. 16-40]. Thus, the Third Circuit never reviewed the merits of petitioner's claims.

In his writ application, petitioner complained about the Third Circuit's denial of review based on "a procedural default" without ruling on petitioner's claims on the merits. [rec. doc. 11-8, pgs. 17 and 23]. He argued the following claims for relief: (1) that

5

petitioner's Sixth Amendment right to Compulsory Process was denied when the trial court denied petitioner's request to allow six alibi witnesses to testify because of a discovery violation (late disclosure); (2) the State knowingly presented the alleged perjured testimony of Detective Chatuese Richard; (3) ineffective assistance of appellate counsel because appellate counsel failed to raise a claim of ineffective assistance of trial counsel for (a) failing to comply with discovery rules regarding alibi witness disclosure and (b) failing to request a cautionary charge concerning accomplice testimony; and (4) ineffective assistance of counsel because counsel (a) failed to investigate or interview alibi witnesses, (b) failed to provide the State with the names of alibi witnesses in response to discovery, (c) failed to file a Motion to Quash or object to the conspiracy to commit armed robbery charges when petition had also been charged with armed robbery based on double jeopardy grounds, and (d) failed to request a cautionary charge concerning accomplice testimony. The Louisiana Supreme Court denied writs without comment on October 11, 2013. *State ex rel. Grace v. State*, 2013-KH-1034, 123 So.3d 1226 (La. 2013).

Petitioner mailed the instant federal *habeas corpus* petition on January 10, 2014, and it was received and filed by the Clerk of this Court on January 13, 2014. Petitioner asserts the following claims for relief: (1) that there was insufficient evidence to support petitioner's convictions; (2) that the admission of statements of deceased co-conspirator Tony Thomas was in violation of petitioner's Sixth Amendment right to confront his

accusers; (3) that petitioner's Sixth Amendment right to Compulsory Process was denied when the trial court denied petitioner's request to allow six alibi witnesses to testify because of a discovery violation (late disclosure); (4) the State knowingly presented the alleged perjured testimony of Detective Chatuese Richard; (5) ineffective assistance of appellate counsel because appellate counsel failed to raise a claim of ineffective assistance of trial counsel for (a) failing to comply with discovery rules regarding alibi witness disclosure and (b) failing to request a cautionary charge concerning accomplice testimony; and (6) ineffective assistance of counsel because counsel (a) failed to investigate or interview alibi witnesses, (b) failed to provide the State with the names of alibi witnesses in response to discovery, (c) failed to file a Motion to Quash or object to the conspiracy to commit armed robbery charges when petition had also been charged with armed robbery based on double jeopardy grounds, and (d) failed to request a cautionary charge concerning accomplice testimony.

## Law and Analysis

### I.  Procedural Default

In light of the above procedural history, it is clear that all of petitioner's claims, except his claim that there was insufficient evidence to support his convictions (claim 1 herein), are procedurally defaulted.

The scope of federal *habeas* review is limited by the intertwined doctrines of procedural default and exhaustion. Procedural default exists where (1) a state court

clearly and expressly bases its dismissal of a claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, ("traditional" procedural default), or (2) the petitioner fails to properly exhaust all available state remedies, and the state court to which he would be required to petition would now find the claims procedurally barred, ("technical" procedural default). In either instance, the petitioner is deemed to have forfeited his federal *habeas* claim. *Bledsue v. Johnson*, 188 F.3d 250, 254–55 (5th Cir.1999) *citing Coleman v. Thompson*, 501 U.S. 722, 735 n. 1, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999).

In this case, the Louisiana Supreme Court had the opportunity to rule on the merits of petitioner's sufficiency of the evidence claim on direct appeal. Accordingly, that claim is clearly exhausted. However, the claims raised by petitioner in post-conviction proceedings, were never properly exhausted and are both "technically" and "traditionally" procedurally defaulted. Moreover, petitioner's second claim for relief, raised on direct appeal, was denied solely on procedural grounds and, hence, is "traditionally" defaulted.

**A. "Technical" Procedural Default**

It is well settled that a petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas*, 697 F.2d 697 (5th Cir.1983);

*Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999); *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir.1998). In order to satisfy the exhaustion requirement, the petitioner must have "fairly presented" the substance of each of his claims to the state courts in a "procedurally proper manner." *Wilder v. Cockrell*, 274 F.3d 255, 259 (5 Cir.2001); *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir.1998) *citing Richardson v. Procunier,* 762 F.2d 429, 431–32 (5th Cir.1985); *Mercadel,* 179 F.3d at 275 *citing Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir.1988); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), cert. denied, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983); *Deter v. Collins*, 985 F.2d 789, 795 (5th Cir.1993). When a petitioner has raised a claim in a procedural context "in which its merits will not be considered," he has not "fairly presented" the claim to the state courts and, accordingly, has not satisfied the exhaustion doctrine. *Castille v. Peoples*, 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380 (1989); *Satterwhite v. Lynaugh*, 886 F.2d 90, 92–93 (5th Cir.1989).

Moreover, each claim must be presented to the state's highest court, even when review by that court is discretionary. *O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Magouirk,* 144 F.3d at 360 *citing Richardson*, 762 F.2d at 431–32. Such presentment can be accomplished on direct appeal or state collateral or *habeas* proceedings. *Morris v. Dretke,* 413 F.3d 484, 491 (5th Cir.2005) *citing Orman v.*

9

*Cain*, 228 F.3d 616, 620 (5th Cir.2000). In Louisiana, the highest court is the Louisiana Supreme Court. Thus, in order to properly exhaust a claim, a federal *habeas corpus* petitioner must have fairly presented the substance of the claim in a procedurally correct manner to the Louisiana Supreme Court in either direct appeal or in post-conviction proceedings.

Under Louisiana law, the various Courts of Appeal have supervisory jurisdiction over cases which arise within their circuits. LSA Const. Art. 5, § 10(a). Specifically, with regard to Applications for Post–Conviction Relief, LSA C.Cr.P. art. 930.6 provides, "The petitioner may invoke the supervisory jurisdiction of the court of appeal if the trial court dismisses the application or otherwise denies relief on an application for post-conviction relief." Thus, the first step in the review process is an application for writs in the appropriate court of appeals.

Petitioner sought appellate review of the trial court's February 7, 2013 ruling on the claims asserted in his post-conviction Application and Supplemental Application. However, the Third Circuit did not address the merits of petitioner's claims because petitioner failed to abide by that court's procedural rules for proper presentation of claims. Thus, petitioner's writ application was denied solely on procedural grounds – Louisiana Code Criminal Procedure article 912.1(C), Rule 4-5 of the Uniform Rules of the Courts of Appeal and Third Circuit Internal Rule 16. [rec. doc. 11-6, pg. 2, *State v. Grace*, KH 13-0241 (La. App. 3rd Cir. 2013)].

It is clear that petitioner did not have all of the exhibits required by the Uniform Rules when he filed his writ application. However, rather than simply resubmitting his Application when he was in possession of all required documentation, or simply requesting reinstatement along with the required documentation and a copy of the trial court's return date, petitioner chose to by-pass the Third Circuit's review and, instead, improperly opted to seek review directly in the Louisiana Supreme Court.

The Supreme Court has supervisory jurisdiction over the courts of appeal. LSA Const. Art. 5, § 5. In this instance, however, the intermediate appellate court never had an opportunity to review petitioner's claims because they were never presented in a procedurally proper manner. The merits of petitioner's claims were not properly before the Louisiana Supreme Court. Petitioner's claims therefore remain unexhausted. *See Ware v. Cooper*, 2010 WL 6637817, *5-6 (W.D. La. 2010); *Thomas v. Cain*, 2007 WL 2874778, *6–8 (W.D. La.9/7/07), *COA denied*, No. 07–30978 (5th Cir.7/25/08) (unpublished); *Batiste v. Cain*, 2009 WL 3518169, *4–5 (W.D. La. 2009) (unpublished).

A petitioner has "technically exhausted" his federal claims if he fails to properly and timely present them to the Louisiana courts and is thereafter time-barred from seeking relief in the Louisiana courts. *Magouirk v. Phillips*, 144 F.3d 348 (5th Cir.1998) *citing Coleman v. Thompson,* 501 U.S. 722, 731–33, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1986) and *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir.1995); *Coleman*, 111 S.Ct. 732, 735 fn. 1; *Bledsue*, 188 F.3d at 254–55; *Fuller v. Johnson*, 158 F.3d 903, 905–06 (5th Cir.1998).

In such a case, however, there is no difference between non-exhaustion and procedural default. *Magouirk,* 144 F.3d at 358. Accordingly, when a petitioner fails to exhaust state court remedies because he has allowed his federal claims to lapse, those claims are "technically" procedurally defaulted. *Id.*

Since petitioner failed to properly present his post-conviction claims to the Louisiana Supreme Court, those claims remain unexhausted, and, for purposes of federal *habeas corpus* review, because petitioner cannot now meet the exhaustion requirement, those claims are "technically" procedurally defaulted .[3] *See Wilder; O'Sullivan; Magouirk; Richardson; Mercadel; Dupuy; Coleman; Sones; Bledsue*; and *Fuller, supra*. Indeed, under factually similar circumstances, this Court has found claims which were never properly presented to the Louisiana Third Circuit Court of Appeal were "technically" procedurally defaulted. *Ware v. Cooper*, 2010 WL 6637817, *5-6 (W.D. La. 2010); *Thomas v. Cain*, 2007 WL 2874778, *6–8 (W.D. La.9/7/07), *COA denied*, No. 07–30978 (5th Cir.7/25/08) (unpublished); *Batiste v. Cain*, 2009 WL 3518169, *4–5 (W.D. La. 2009) (unpublished).

## B. Traditional Procedural Default

Further, since the Third Circuit did not rule on the merits of petitioner's post-conviction claims because petitioner failed to comply with Louisiana Code Criminal

---

[3] Post conviction relief is now unavailable to petitioner under La.C.Cr.P. art. 930.8 which provides a two year limitations period for filing such applications. The limitations period generally runs from the date that the judgment in question became final.

Procedure article 912.1(C), Rule 4 of the Uniform Rules of the Courts of Appeal and Internal Rule 16, these claims are also traditionally procedurally defaulted. This is so because the last reasoned decision on petitioner's claims clearly and expressly relied on state procedural rules as the basis for it's Judgment. *See Harris* and *Sones, infra*. Likewise, on direct appeal, the Third Circuit did not rule on the merits of petitioner's second claim for relief citing Louisiana Code of Criminal Procedure article 841, which sets forth the contemporaneous objection rule, as the basis for its decision. Thus, this claim is traditionally procedurally defaulted.

The "traditional" procedural default doctrine applies to bar federal *habeas corpus* review when a state court declines to address a prisoner's federal claims because the prisoner failed to follow a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565, 115 L.Ed.2d 640 (1991).

Federal courts typically refuse to reach the merits of questions of federal law if the state courts have expressly relied on an "adequate and independent" state procedural ground in refusing to review the claim. "An 'adequate' rule is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims." *Glover v. Cain*, 128 F .3d 900, 902 (5th Cir.1997), *cert. denied*, 523 U.S. 1125 (1998) *citing Amos v. Scott,* 61 F .3d 333, 339 (5th Cir.1995). A state procedural rule enjoys a presumption of adequacy when the state court expressly relies on it in deciding not to review a claim for collateral relief. *Id. citing Lott v. Hargett* 80 F.3d 161, 165 (5th

Cir.1996). A procedural rule is "independent" when the last state court rendering a judgment in the case "clearly and expressly" indicates that its judgment rests on the procedural ground. *Amos,* 61 F.3d at 338.

The procedural rules identified in this case satisfy both requirements. Petitioner herein makes no showing that Louisiana Code of Criminal Procedure article 912.1(C), Rule 4 of the Uniform Rules of the Courts of Appeal, Internal Rule 16 or Louisiana Code of Criminal Procedure article 841 are not evenhandedly applied. Thus, these state court procedural rules are presumed "adequate." Moreover, while most appellate court decisions declining review of writ applications are unpublished, review of published Louisiana jurisprudence establishes that the Louisiana courts of appeal regularly invoke the requirements of Rule 4 to bar review of non-conforming writ applications. *See Ware,* 2010 WL 6637817 at *7 (and cases cited therein). For this reason, this Court has repeatedly found that Rule 4 of the Uniform Rules of the Courts of Appeal is "adequate" for purposes of application of the "traditional" procedural default doctrine. *Ware,* 2010 WL 6637817 at *7; *Thomas,* 2007 WL 2874778 at *9; *Batiste*, 2009 WL 3518169 at *6.

Likewise, review of published Louisiana jurisprudence establishes that the Louisiana courts regularly invoke the contemporaneous objection rule set forth in article 841 to decline review of similar claims when no contemporaneous objection is lodged. Furthermore, both the Fifth Circuit, this court and other Louisiana district courts within the Fifth Circuit have held that it is well-settled that the Louisiana contemporaneous

objection rule is an independent and adequate state procedural ground which precludes federal *habeas corpus* review of claims. *Duncan v. Cain*, 278 F.3d 537, 541 (5th Cir. 2002); *Jones v. Warden*, 2010 WL 817311, *10 (W.D. La. 2010); *Landry v. Cain*, 2013 WL 1103276, *5-7 (E.D. La. 2013) (and cases cited therein).

Furthermore, the rules cited by the Third Circuit are "independent" because the last reasoned judgments on petitioner's claims, that of the Third Circuit Court of Appeals on both direct appeal and in post-conviction proceedings, expressly relied solely on state procedural rules in declining to reach the merits of petitioner's claims. The Louisiana Supreme Court's writ denials on October 21, 2011 and October 11, 2013, respectively, did not specify reasons for its denials of review, it must therefore be presumed that the Supreme Court, like the Third Circuit, did not reach the merits of the claims. *Ylst v. Nunnemaker*, 501 U.S. 797, 803, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991).

**Cause and Prejudice/Miscarriage of Justice**

Because petitioner's second through sixth claims for relief are traditionally and technically procedurally defaulted, this court may refuse to review the merits of these claims unless petitioner demonstrates that he should be excused from application of the procedural default doctrine. This he can do by showing cause and prejudice for the default[4] or that a miscarriage of justice[5] will result from the denial of federal *habeas*

---

[4] In *Murray v. Carrier*, the Supreme Court explained that "cause" requires an impediment external to the defense: "[W]e think that the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. Without attempting an exhaustive catalog of

review. *See Finley*, 243 F.3d 215, 220-221 (5th Cir. 2001); *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565; *McCleskey v. Zant*, 499 U.S. 467, 493-495, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991); *Moore v. Roberts*, 83 F.3d 699, 704 (5th Cir. 1996); *Gray v. Netherland*, 518 U.S. 152, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996); *Sones*, 61 F.3d at 418; *Murray*, 477 U.S. at 496, 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904; *Ward v. Cain*, 53 F.3d 106, 107-108 (5th Cir. 1995); *Callins v. Johnson*, 89 F.3d 210, 213 (5th Cir. 1996) *quoting McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

The cause of petitioner's default on his second claim for relief was his counsel's failure to object on Confrontation Clause or *Crawford* grounds and with respect to his claims three through six, petitioner's own failure to properly present the substance of his federal *habeas corpus* claims to the Louisiana Third Circuit Court of Appeal and thereafter the Louisiana Supreme Court. These failures were clearly not "impediment[s] external to the defense." Thus, petitioner has not shown "cause" for his default. This court therefore need not consider whether there is actual prejudice. *Saahir v. Collins*, 956 F.2d

---

such objective impediments to compliance with a procedural rule, we note that a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that some interference by officials made compliance impracticable, would constitute cause under this standard." *Murray v. Carrier*, All U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) (internal citations omitted).

[5]In order for a *habeas corpus* petitioner to avoid a procedural default by showing a fundamental miscarriage of justice, the petitioner must assert his actual innocence by showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 106 S.Ct. at 2649; *Glover*, 128 F.3d at 904. To support such an exception, the petitioner must allege that, as a factual matter, he did not commit the crime of which he was convicted. *Corwin v. Johnson*, 150 F.3d 467, 473 (5th Cir. 1998); *Ward*, 53 F.3d at 108. Thus, the petitioner must make a "colorable showing of factual innocence." *Callins*, 89 F.3d at 213 *quoting McClesky*, 499 U.S. at 495, 114 S.Ct. at 1471.

115, 118 (5th Cir.1992).

Likewise, petitioner has not shown that, as a factual matter, he is actually innocent of the crimes for which he was convicted, and, thus, he will not suffer a fundamental miscarriage of justice from this Court's failure to consider his claims. Accordingly, petitioner cannot avoid procedural default on grounds of actual innocence.

For these reasons, petitioner's second through sixth claims for relief are procedurally defaulted. Federal *habeas corpus* relief on these claims – that the admission of statements of deceased co-conspirator Tony Thomas was in violation of petitioner's Sixth Amendment right to confront his accusers; that petitioner's Sixth Amendment right to Compulsory Process was denied when the trial court denied petitioner's request to allow six alibi witnesses to testify because of a discovery violation (late disclosure); the State knowingly presented the alleged perjured testimony of Detective Chatuese Richard; ineffective assistance of appellate counsel because appellate counsel failed to raise a claim of ineffective assistance of trial counsel for (a) failing to comply with discovery rules regarding alibi witness disclosure and (b) failing to request a cautionary charge concerning accomplice testimony; and ineffective assistance of counsel because counsel (a) failed to investigate or interview alibi witnesses, (b) failed to provide the State with the names of alibi witnesses in response to discovery, (c) failed to file a Motion to Quash or object to the conspiracy to commit armed robbery charges when petition had also been charged with armed robbery based on double jeopardy grounds, and (d) failed to request a

cautionary charge concerning accomplice testimony – is therefore precluded. Accordingly,

**IT IS RECOMMENDED** that Claims 2, 3, 4, 5, and 6 of the instant petition for federal *habeas corpus* relief (that the admission of statements of deceased co-conspirator Tony Thomas was in violation of petitioner's Sixth Amendment right to confront his accusers; that petitioner's Sixth Amendment right to Compulsory Process was denied when the trial court denied petitioner's request to allow six alibi witnesses to testify because of a discovery violation (late disclosure); the State knowingly presented the alleged perjured testimony of Detective Chatuese Richard; ineffective assistance of appellate counsel because appellate counsel failed to raise a claim of ineffective assistance of trial counsel for (a) failing to comply with discovery rules regarding alibi witness disclosure and (b) failing to request a cautionary charge concerning accomplice testimony; and ineffective assistance of counsel because counsel (a) failed to investigate or interview alibi witnesses, (b) failed to provide the State with the names of alibi witnesses in response to discovery, (c) failed to file a Motion to Quash or object to the conspiracy to commit armed robbery charges when petition had also been charged with armed robbery based on double jeopardy grounds, and (d) failed to request a cautionary charge concerning accomplice testimony) be **DENIED AND DISMISSED WITH PREJUDICE** because these claims are procedurally defaulted.

**IT IS FURTHER RECOMMENDED** the Claim 1 of the instant petition (that there was insufficient evidence to support petitioner's convictions) remain pending for further proceedings.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties

may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

    In Chambers, Lafayette, Louisiana this 16th day of March, 2015.

*C. Michael Hill*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

COPY SENT:

DATE: 3/16/2015
BY: EFA
TO: RTH
      pj